UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL LIGHTING COMPANY, INC., a New Jersey Corporation,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>BRIDGE METAL INDUSTRIES, LLC, a New York Limited Liability Company; JOSEPH MESSA, an individual; GALAXY SWITCHGEAR INDUSTRIES, LLC, a New York Limited Liability Company; BLAISE FREDELLA, an individual; ISAK LEMBERG, an individual; BORIS BREGMAN, an individual; PICASSO LIGHTING INDUSTIRES LLC, a New York Limited Liability Company; INDEPENDENT LIGHTING, LLC, a New York Limited Liability Company; GREEN LIGHT SOLUTIONS, LLC; and MITCHELL BLOOMBERG, an individual,  )<br>)<br>Defendant.  ) | Civil Case No. 08-3150(NRB)<br>ECF CASE |

**MEMORANDUM OF LAW IN SUPPORT OF JOSEPH MESSA'S AND BLAISE FREDELLA'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Sean Mack (SM 2016)
PASHMAN STEIN, PC
1375 Broadway
10th Floor
New York, New York 10018
(212) 995-2727

- and -

21 Main Street, Suite 100
Hackensack, New Jersey  07601
(201) 488-8200

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

**PRELIMINARY STATEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

**SUMMARY OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

The Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

The Amended Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

I.    The Amended Complaint Is Devoid Of Any Facts Indicating Active Participation In Wrongdoing By Defendants Fredella Or Messa . . . . . . . . . . 6

II.   The Amended Complaint Contains No Facts To Support Personal Liability Based On Alternative Theories of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . .6

    A.    There Are No Facts In The Amended Complaint That Could Support Piercing The Corporate Veil . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

    B.    The Amended Complaint Does Not Allege Facts Necessary To Impose Personal Liability Based On Conspiracy Theories .. . . . . . . . . . . . . . . . .9

**CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**TABLE OF AUTHORITIES**

**CASES:**

**Bezuszka v. L.A. Models, Inc.,**
    2006 WL 770526 (NRB) (S.D.N.Y. March 24, 2006) . . . . . . . . . . . . . . . . . . . . . 5

**Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.,**
    98 F.3d 13 (2d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

**Chambers v. Time Warner, Inc.,**
    282 F.3d 147 (2d Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

**DeJesus v. Sears, Roebuck & Co.,**
    87 F.3d 65 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**EED Holdings v. Palmer Johnson Acquisition Corp.,**
    387 F.Supp.2d 265 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

**Electronics Communications Corp. v. Toshiba Am. Consumer Prods. Inc.,**
    129 F.3d 240 (2d. Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**In re Currency Conversion Fee Antitrust Litig.,**
    265 F.Supp.2d 385 (S.D.N.Y. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

**JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs.,**
    295 F.Supp.2d 366 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

**Matter of Morris v. New York State Dep't of Taxation and Fin.,**
    82 N.Y.2d 135 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Moneygram Payment Systems, Inc. v. Consorcio Oriental, S.A.,**
    2007 Wl 1489806. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

**Monsanto Co. v. Haskel Trading, Inc.,**
    13 F. Supp.2d 349 (E.D.N.Y. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

**Reo v. Shudt,**
    534 N.Y.S.2d 553 (App. Div. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Rose v. Goldman, Sachs & Co., Inc.**
    163 F.Supp.2d 238, 242 (S.D.N.Y. 2001)…………………………………..6

**Suarez v. Underwood,**
    426 N.Y.S.2d 208 (N.Y. Sup. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Vitanza v. Board of Trade of the City of New York, Inc.**
  **2002 WL 424699  (S.D.N.Y.2002)** ……………………………………………6

**Vom Lehn v. Astor Art Galleries, Ltd.,**
  **380 N.Y.S.2d 532 (1976).** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

**William Wrigley Jr. Co. v. Waters,**
  **890 F.2d 594 (2d Cir. 1989)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Zinamon v. USTS New York, Inc.,**
  **798 F.Supp. 128 (S.D.N.Y.)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

**RULES:**

**Fed. R. Civ. P. 8(a)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Fed. R. Civ. P. 12(b)(6)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

**PRELIMINARY STATEMENT**

On March 28, 2008, Plaintiff, National Lighting Company, Inc. ("National"), filed a seventeen count Complaint against ten individuals and limited liability companies alleging without any differentiation, that all ten defendants, breached a confidentiality agreement and engaged in various unfair competition against plaintiff's commercial lighting business in violation of various provisions of the Lanham Act, 15 U.S.C. §1125, and New York state business law. On June 6, 2008, plaintiff filed a strikingly similar First Amended Complaint naming the same ten defendants. Despite the sweeping allegations contained in the Amended Complaint, under even the liberal pleading requirements of the Federal Rules, the Amended Complaint is defective as a matter of law because it fails to plead any facts that could provide notice to defendants Joseph Messa ("Messa") and Blaise Fredella ("Fredella") as to what it is that they, as individual named defendants, are alleged to have done wrong. The Amended Complaint only notes that defendants Messa and Fredella signed a confidentiality agreement on behalf of defendant Bridge Metal Industries, LLC ("BMI"). Aside from that singular fact, the Amended Complaint is utterly silent regarding how either defendant Fredella or Messa are alleged to have actively participated in any wrongdoing on behalf of the various named companies or otherwise should be held personally liable for the alleged activities of five limited liability companies. Accordingly, the Amended Complaint fails to state a claim for the individual liability of defendants Messa and Fredella and should be dismissed as to them pursuant to Rule 12(b)(6).[1]

---

[1] Defendants Messa and Fredella also join in the motions filed by defendants Bridge Metal Industries and the other defendants, which seek dismissal of various causes of action for failure to state a claim upon which relief could be granted.

1

## SUMMARY OF FACTS[2]

### The Parties

Plaintiff National is New Jersey corporation "engaged in the business of manufacturing and designing fluorescent lighting fixtures for installation in commercial offices, educational facilities and government buildings since 1941." (Amended Complaint, ¶18)

Defendants Galaxy Switchgear Industries, LLC ("Galaxy") and Bridge Metal Industries, LLC ("BMI") are both limited liability companies organized under the laws of the State of New York. The Amended Complaint asserts that Messa is the President of both Galaxy and Bridge and that Fredella is an officer, director and employee of Galaxy and Bridge. (Id., ¶¶5-8)

The other six defendants include, Isak Lemberg and Boris Bregman, who are alleged to be officers, directors and employees of Galaxy and BMI; Picasso Lighting Industries, LLC, Independent Lighting, LLC, and Green Light Solutions, LLC, alleged to be New York limited liability companies; and Mitchell Bloomberg, who is alleged to be an officer, director, and employee of Independent Lighting and Green Light. (Id., ¶¶9-13)

### The Amended Complaint

The Amended Complaint contains fourteen causes of action, all of which are asserted against defendants Messa and Fredella, and sounding in breach of contract and various state and federal unfair competition claims. The Amended Complaint alleges that all defendants somehow breached, or induced the breach of, a confidentiality agreement

---

[2] The facts set forth herein are taken entirely from the allegations in the Amended Complaint, and for purposes of this motion, as is required, are assumed to be true.

2

entered into between BMI and National in connection with BMI's potential acquisition of National during 2005.  It is important to note that this is an ***Amended*** Complaint.  After a lengthy pre-motion telephone conference with the Honorable Naomi Reice Buchwald, U.S.D.J. during which the defendants explained their arguments in support of their planned motion to dismiss, plaintiff was given the opportunity to address the deficiencies in its Complaint.  As is obvious in the analysis of the Amended Complaint below, plaintiff has failed to correct the articulated deficiencies and the Amended Complaint remains insufficient to sustain its claims against defendants Messa and Fredella.

      The introductory paragraphs of the Amended Complaint broadly proclaim that all defendants "purloined and stole," in violation of the confidentiality agreement, plaintiff's confidential "designs, technical know-how, drawings and other intellectual property" and are using such confidential information to unfairly compete with plaintiff in the commercial lighting industry.  (Id., ¶¶17-21)  The remaining paragraphs of the Amended Complaint contain sweeping generalities and legal conclusions through which plaintiff asserts that its lighting products have a "distinctive" trade dress that is easily recognizable to "specifiers" and others in the architectural and commercial lighting industry (Id., ¶¶ 25-30), that in connection with the potential acquisition of plaintiff by BMI plaintiff allegedly provided to unnamed defendants its confidential trade secrets including "drawings, formulas, designs, specification sheets, cut sheets, computer generated images, instructions for assembly, actual fixture samples, and hands-on training seminars"  (Id., ¶¶31-36), and that defendant Bloomberg created Picasso, Green Light and Independent Light to conspire with and/or induce the other defendants to breach the

confidentiality agreement and to manufacture for themselves using National's trade secrets "virtual clones" of National's products. (Id., ¶¶38-40)

Aside from the conclusory allegations levied against all defendants without differentiation, defendants Fredella and Messa are mentioned only twice in the Amended Complaint.  The first time they are mentioned is simply to identify them as parties.  (Id., ¶¶7-8)  And the only other time they are mentioned is in paragraph 33, which notes that "Defendants Mesa (sic) and Fredella had meetings with National both before and after the [confidentiality] Agreement was signed in the company of National's accountant.  Mesa (sic) and Fredella clearly conducted themselves at those meetings as Galaxy's decisionmakers (sic)."  (Id., ¶33)

Having failed to allege any facts indicating the personal participation in any wrongdoing by defendants Messa or Fredella, plaintiff apparently hopes to hold them personally liable based on the conclusory assertions in five paragraphs of the Amended Complaint that all defendants should be held liable for all of the alleged conduct on behalf of the companies or other defendants.   Plaintiff does not assert a single fact to support such allegations, but instead merely concludes that there was a "scheme and conspiracy amongst all of the defendants" (Id., ¶17), "the Bridge Defendants had conspired to and had caused Bridge to breach the Agreement" (Id., ¶38), the "Bridge Defendants conspired with Bloomberg to form the entities Picasso, Green Light and Independent" (Id., ¶41) and that

> ...each Defendant was at all times relevant hereto a
> controlling person, agent, and/or alter ego of each other
> Defendant, and in doing the acts herein alleged, was acting
> within the course and scope of his or its authority as such
> with the expressed and implied permission, instruction,
> knowledge, consent and ratification of each other

4

>Defendant.  Each Defendant did influence and govern each other Defendant with such a degree of unity of interest and ownership so that the individuality, or separateness, of each Defendant have ceased to exist.
>(Id., ¶15)

The conclusory allegations in those four paragraphs were unchanged from the original Complaint.  The only relevant change from the original Complaint was to add a recitation of the general legal standard for imposing personal liability against a corporate officer -- "the Bridge Defendants were the moving, active, conscious force behind this wrongful conduct." (Id., ¶21)   However, the Amended Complaint continues to fail to plead any actual facts in support of any of those legal conclusions.

Based on those generalized allegations, plaintiff seeks to hold defendants Messa and Fredella personally liable, along with the other eight defendants, for damages in excess of $30 million.  (Id., ¶54)

## ARGUMENT

It is well settled that corporate officers, directors and employees are not normally personally liable for the acts or obligations of their companies.  Individual liability only attaches where the individual named defendant has personally participated in the alleged wrongdoing, the circumstances warrant piercing the corporate veil, or participation in a conspiracy can be demonstrated.  See, e.g., Bezuszka v. L.A. Models, Inc., 2006 WL 770526 (NRB) at *10 (S.D.N.Y. March 24, 2006) (dismissing claims against corporate officer where Amended Complaint failed to allege defendant had either personally directed the commission of a tort or alleged a basis upon which to pierce the corporate veil).

5

It also is well settled that a cause of action cannot be sustained if, in place of any well-pled facts, plaintiff has merely parroted the relevant legal standard without any supporting factual allegations.  See, e.g., Electronics Communications Corp. v. Toshiba Am. Consumer Prods. Inc., 129 F.3d 240, 243 (2d. Cir. 1997) (explaining that courts must "not permit conclusory allegations to substitute for minimally sufficient factual allegations, or... assume that the plaintiff can prove facts that it has not alleged..."). Plaintiff's Amended Complaint is utterly devoid of any well-pled facts upon which this Court could possibly conclude that defendants Messa or Fredella should be held personally liable.  Instead, plaintiff sets forth only the most conclusory allegations that the separateness of the ten defendants should be ignored.  But such conclusory allegations, unsupported by any facts, are deficient as a matter of law.

Therefore, the Amended Complaint fails to satisfy even the liberal notice pleading requirements of Rule 8(a) and should be dismissed as to defendants Fredella and Messa.

## I.    The Amended Complaint Is Devoid Of Any Facts Indicating Active Participation In Wrongdoing By Defendants Fredella Or Messa

Corporate officers and employees are not liable for the wrongful acts of a corporation, unless they actively participated in the wrongdoing or they were the "moving, active conscious force" behind the wrongdoing.  See Monsanto Co. v. Haskel Trading, Inc., 13 F. Supp.2d 349, 354 (E.D.N.Y. 1998).

Aside from indicating that defendants Messa and Fredella were involved in the execution of the confidentiality agreement on behalf of BMI (which itself is not alleged to in any way have been a wrongdoing), the Amended Complaint is (and the original complaint was) entirely silent as to their involvement in the alleged wrongdoing. Plaintiff does not point to one statement, decision, document, meeting, telephone call, or

6

action of any kind to indicate that defendants Messa or Fredella individually were even involved in, let alone were the driving force behind, any alleged wrongdoing.  The only effort plaintiff made to try to remedy that clear defect in the original Complaint was to add a single sentence to the Amended Complaint that simply parrots the legal standard for holding individual corporate officers responsible for alleged corporate liabilities.  (Amended Complaint, ¶21)   But the Amended Complaint is still deficient as a matter of law because there still is not a single fact alleged in the complaint to support that conclusory statement of the relevant law.  See, e.g., Rose v. Goldman, Sachs & Co., Inc., 163 F. Supp.2d 238, 242 (S.D.N.Y. 2001) ("Plaintiff has done nothing more than to paraphrase relevant legal standards and assert, on information and belief, that she has been discriminated against."  The court held that these "vague and conclusory allegations" were insufficient to sustain a cause of action.); Vitanza v. Board of Trade of the City of New York, Inc., 2002 WL 424699, *7 (S.D.N.Y. 2002) (Court dismissed Complaint that merely stated the legal standard and failed to allege any facts to support the allegations.)

Because plaintiff has failed to plead any facts concerning defendants Messa's or Fredella's involvement in the alleged wrongdoing, the Amended Complaint must be dismissed against them.

## II.   The Amended Complaint Contains No Facts To Support Personal Liability Based On Alternative Theories of Liability

Having wholly failed to plead any facts against defendants Messa and Fredella, plaintiff apparently hopes to hold them personally liable either by piercing the corporate veil or through some undefined conspiracy theory.  But no facts have been pled to

7

support either theory and there is no basis to hold them personally liable under such alternative theories for personal liability.

### A. There Are No Facts In The Amended Complaint That Could Support Piercing The Corporate Veil

Plaintiff's veil-piercing theory, upon which it apparently seeks to hold defendants Messa and Fredella personally liable, is premised entirely on the conclusory sentence in paragraph 15 of the Amended Complaint. That paragraph, which is set forth in its entirety at page 4 above, is a wholly unsupported legal conclusion and is insufficient as a matter of law to survive a motion to dismiss.

There can be no doubt that "New York courts are reluctant to disregard the corporate entity." Moneygram Payment Systems, Inc. v. Consorcio Oriental, S.A., 2007 WL 1489806 *7 (citing William Wrigley Jr. Co. v. Waters, 890 F.2d 594, 600 (2d Cir. 1989.)) To pierce the corporate veil, plaintiff therefore has the heavy burden of pleading facts that could support finding that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." EED Holdings v. Palmer Johnson Acquisition Corp., 387 F.Supp.2d 265, 273 (S.D.N.Y. 2004) (quoting Matter of Morris v. New York State Dep't of Taxation and Fin., 82 N.Y.2d 135, 141 (1993.))

To avoid dismissal of the complaint, plaintiff was required to set forth well pleaded facts -- not conclusory allegations -- as to both of the required elements for piercing the corporate veil under New York Law. JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., 295 F.Supp.2d 366, 379 (S.D.N.Y. 2003); In re Currency Conversion Fee Antitrust Litig., 265 F.Supp.2d 385, 426

8

(S.D.N.Y. 2003) (explaining that "purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter ego liability, even under Rule 8(a)'s liberal notice pleading standard"); DeJesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996)(dismissing alter-ego claim where complaint did not contain specific facts supporting plaintiff's conclusory allegations concerning defendant's domination of its subsidiary); Zinaman v. USTS New York, Inc., 798 F.Supp. 128, 131 (S.D.N.Y. 1992) (dismissing alter ego claim on the grounds that complaint was merely conclusory and failed to plead the elements of alter ego theory.)

Thus, to survive a motion to dismiss, plaintiff's Amended Complaint should have contained well-pleaded facts indicating some or all of the factors considered by courts to find domination, including: "intermingling of corporate and personal funds, undercapitalization of the corporation, failure to observe corporate formalities such as the maintenance of separate books and records, failure to pay dividends, insolvency at the time of a transaction, siphoning off funds by the dominant shareholder, and the inactivity of other officers and directors." Moneygram, 2007 WL 1489806 at *7 (citing Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc., 98 F.3d 13, 18 (2d Cir. 1996.)) Plaintiff's Amended Complaint also should have contained well-pleaded facts from which the Court could conclude that the corporate form was used to perpetrate a fraud.

Here, however, plaintiff has failed to plead any facts to support either element of a veil-piercing claim. The only facts alleged in the Amended Complaint as to defendants Messa or Fredella, allege that Messa and Fredella attended a meeting, signed the confidentiality agreement for BMI and appeared to be the "decisionmakers" (sic) for

9

Galaxy. (Complaint, ¶33.) There is simply nothing in the Amended Complaint to support finding that either Messa or Fredella (or anyone else for that matter) exercised complete dominion and control over Galaxy or BMI or that such control was used to commit a wrong against the plaintiff.

Without any well-pleaded facts to support a veil piercing theory, personal liability cannot be imposed on defendants Messa or Fredella.

### B. The Amended Complaint Does Not Allege Facts Necessary To Impose Personal Liability Based On Conspiracy Theories

The Amended Complaint also is devoid of any facts upon which this Court could conclude that defendants Messa or Fredella participated in a conspiracy and should be held personally liable despite their lack of active participation in the alleged wrongdoing. To avoid dismissal of claims based on a conspiracy theory, plaintiff was required to plead facts from which the Court could find: (1) the existence of a corrupt agreement between two or more persons; (2) an overt act; (3) their intentional participation in the furtherance of a plan or purpose, and (4) the resulting damage. Suarez v. Underwood, 426 N.Y.S.2d 208, 210 (N.Y. Sup. 1980) (citing Vom Lehn v. Astor Art Galleries, Ltd., 380 N.Y.S.2d 532 (1976.)) Stated differently, "[c]onspiracy is an agreement to commit an unlawful act, or an agreement to commit a lawful act by unlawful means, the cause of action resting on an underlying wrong..." Reo v. Shudt, 534 N.Y.S.2d 553, 554 (App. Div. 3rd 1988).

As with pleading a cause of action for veil-piercing, the mere general allegation of conspiracy and an underlying wrong is insufficient to survive a motion to dismiss. Suarez, 426 N.Y.S.2d at 210. Plaintiff must allege facts, which, if true, would prove each of the elements of conspiracy.

Therefore, to avoid dismissal, plaintiff was required to specifically allege that there was an agreement among defendants Messa, Fredella and other defendants, that an underlying wrong was committed and that defendants Fredella and Messa agreed to the underlying wrong and intentionally participated in the furtherance of the wrongful act. The Amended Complaint simply does not allege any facts regarding any such actions taken by Fredella or Messa. Instead, the Amended Complaint sets forth only the most generalized allegations of a conspiracy at paragraphs 17, 38, and 41 of the Amended Complaint. Paragraph 17 states:

> This case arises out of a scheme and conspiracy amongst all of the Defendants whereby they conspired to and did cause Bridge to intentionally breach a confidentiality agreement between National and Bridge dated July 28, 2005 (the "Confidentiality Agreement or "Agreement", a true and correct copy of which is marked and attached hereto as Exhibit A). The other Defendants were co-conspirators with, and alter egos of Bridge, and participated in the decision to have Bridge breach the Agreement with the intent and for the purpose of allowing the Defendants to purloin, at no cost and for no payment to National, National's trade secrets, business operations, technical know-how and other intellectual property and enter the architectural fluorescent lighting business with the intention of unlawfully competing with National and stealing National's customers and business.

Paragraph 38 similarly states in conclusory fashion that "the Bridge Defendants had conspired to and had caused Bridge to breach the Agreement."

Paragraph 41 asserts that "the Bridge Defendants conspired with Bloomberg to form the entities Picasso, Green Light, and Independent. Picasso, Green Light, and Independent (referred to collectively as the "Bloomberg entities") were formed to act, and are acting, in concert with Bloomberg and the Bridge Defendants to handle the marketing of the lighting fixtures cloned from the National Product line."

11

Those meager sentences form the entire basis for the alleged conspiracy.  Those conclusory allegations, devoid of any facts, are deficient as a matter of law.  Nowhere does plaintiff allege facts that could support finding that Messa or Fredella were parties to a corrupt agreement, or that they intentionally participated with each other or others in furtherance of a wrongful act.  Therefore, defendants Messa and Fredella also cannot be held personally liable based on a conspiracy theory of liability.

## CONCLUSION

WHEREFORE, for the foregoing reasons, defendants Messa and Fredella respectfully request that the Court enter an order dismissing the Amended Complaint against them and for such other and further relief as the Court deems appropriate.

**PASHMAN STEIN, P.C.**

Dated: July 18, 2008                   /s/ Sean Mack
**SEAN MACK, ESQ. (SM 2016)**
1375 Broadway
10th Floor
New York, New York 10018
(212) 995-2727
smack@pashmanstein.com

- and -

Court Plaza South
21 Main Street, Suite 100
Hackensack, New Jersey  07601
(201) 488-8200

Attorneys for Defendants,
  **BRIDGE METAL INDUSTRIES, LLC,
  JOSEPH MESSA and BLAISE
  FREDELLA**