UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL LIGHTING COMPANY, INC., a New Jersey Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>BRIDGE METAL INDUSTRIES, LLC, a New York Limited Liability Company; JOSEPH MESSA, an individual; GALAXY SWITCHGEAR INDUSTRIES, LLC, a New York Limited Liability Company; BLAISE FREDELLA, an individual; ISAK LEMBERG, an individual; BORIS BREGMAN, an individual; PICASSO LIGHTING INDUSTRIES LLC, a New York Limited Liability Company; INDEPENDENT LIGHTING, LLC, a New York Limited Liability Company; GREEN LIGHT SOLUTIONS, LLC; and MITCHELL BLOOMBERG, an individual,<br><br>    Defendants. | ) Case No. 08cv03150 (NRB)<br>)<br>) ECF CASE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF JONAH A. TOLENO IN SUPPORT OF
MEMORANDUM OF LAW IN OPPOSITION TO
MOTIONS TO DISMISS FILED BY
(A) GALAXY SWITCHGEAR INDUSTRIES, INC., ISAK LAMBERG, BORIS
BREGMAN, PICASSO LIGHTING INDUSTRIES LLC, INDEPENDENT
LIGHTING, LLC N/K/A GREEN LIGHT SOLUTIONS, LLC, AND MITCHELL
BLOOMBERG; (B) BRIDGE METAL INDUSTRIES, LLC; AND (C) JOSEPH
MESSA AND BLAISE FREDELLA**

STATE OF CALIFORNIA )
                              ss
COUNTY OF SAN DIEGO )

I, JONAH A. TOLENO, being duly sworn, depose and state:

    1.    I am an attorney at law duly admitted *pro hac vice* to appear in the above-captioned action in the District Court of New York, Southern District. I am a member of the law firm of Shustak, Frost & Partners, P.C., attorneys for Plaintiff NATIONAL LIGHTING COMPANY, INC. ("National") in the above action.

    2.    I make this Affidavit in support of National's Opposition to all three Motions to Dismiss the First Amended Complaint respectively filed by (a) GALAXY SWITCHGEAR INDUSTRIES, INC., ISAK LAMBERG, BORIS BREGMAN, PICASSO LIGHTING INDUSTRIES LLC, INDEPENDENT LIGHTING, LLC N/K/A GREEN LIGHT SOLUTIONS, LLC, AND MITCHELL BLOOMBERG (the "Galaxy Defendants"), (b) BRIDGE METAL INDUSTRIES, LLC ("Bridge"), and (c) JOSEPH MESSA ("Messa") and BLAISE FREDELLA ("Fredella").

    3.    On May 12, 2008, my firm received by electronic mail a letter addressed to this Court dated May 12, 2008, by Jill Levi, Esq., counsel for the Galaxy Defendants, setting forth some of the bases for filing the Galaxy Defendants' Motion to Dismiss. A true and correct copy of Ms. Levi's letter dated May 12, 2008, is marked and attached hereto as Exhibit "A".

    4.    On May 12, 2008, my firm also received by electronic mail a letter addressed to this Court dated May 12, 2008, by Sean Mack, Esq., counsel for Bridge, Messa and Fredella, joining in Ms. Levi's letter of May 12, 2008, and notifying the Court of their intent to move to dismiss National's claims of trade secret theft and claims of individual liability as to Messa and Fredella. A true and correct copy of Mr. Mack's letter dated May 12, 2008, is marked and attached hereto as Exhibit "B".

1

5.      On May 16, 2008, our firm submitted to this Court a letter in response to the letters of Ms. Levi and Mr. Mack explaining to the Court why a Motion to Dismiss would be inappropriate at this time.

6.      On May 22, 2008, counsel for all parties appeared before the Honorable Naomi Reice Buchwald to discuss the bases set forth by defendants' counsel for their anticipated motions to dismiss. The Honorable Buchwald advised counsel for all defendants that filing a motion to dismiss likely would leave in tact at least some of National's federal and state claims. The Honorable Buchwald further advised us that she would allow National to amend its Complaint one time, prior to the defendants' filing their anticipated motions to dismiss.

7.      On June 6, 2008, National served on all parties its First Amended Complaint and submitted it to this Court for filing.

8.      On June 17, 2008, Ms. Levi submitted a letter to the Honorable Buchwald on behalf of the Galaxy Defendants, Bridge, Messa, and Fredella, requesting approval of the following briefing schedule to which National agreed: Defendants would file their Motions to Dismiss no later than July 18, 2008; National would file its Opposition no later than August 18, 2008; and Defendants would file their replies no later than September 5, 2008. In her letter of June 17, 2008, Ms. Levi also requested on behalf of all Defendants an enlargement of this Court's motion memorandum page limitation of twenty-five (25) pages to thirty-five (35) pages. On June 18, 2008, this Court approved the proposed briefing schedule but denied Defendants' request for a page enlargement. A true and correct copy of Ms. Levi's letter, endorsed by this Court, is marked and attached hereto as Exhibit "C."

9.      On July 18, 2008, our firm received the Motions to Dismiss of the Galaxy Defendants, Bridge, and Messa and Fredella, together with supporting Memoranda and Affidavits. Our firm did not receive, with Defendants' Motions or anytime thereafter to date, any letters from counsel for any of the defendants setting forth the arguments in

their Motions to Dismiss as required by this Court's Individual Practices, Rule 2(D). I also have conducted a search on PACER, this Court's online docketing and document database, and have witnessed no such letter in the docket for the above-captioned matter.

10. The Galaxy Defendants' Memorandum of Law in support of their Motion to dismiss contains arguments for dismissing the following claims, which arguments were not contained in Ms. Levi's letter to the Court dated May 12, 2008: federal false advertising, and state law claims for reverse "palming off", false advertising and false labeling, deceptive trade practices, and tortious interference with prospective economic relations. (See Exh. A to this Affidavit; see also Galaxy Defendants' Memorandum of Law in Support of Motion to Dismiss on file with this Court.)

11. Bridge's Memorandum of Law in support of their Motion to dismiss contains arguments for dismissing the following causes of action, which arguments were not contained in Mr. Mack's letter to the Court dated May 12, 2008: federal false advertising, and state law claims for reverse "palming off", false advertising and false labeling, deceptive trade practices, and tortious interference with prospective economic relations. (See Exh. B to this Affidavit; see also Bridge's Memorandum of Law in Support of Motion to Dismiss on file with this Court.)

12. Messa and Fredella joined in Bridge's Motion, the memorandum for which is nineteen (19) pages long, and filed a separate motion to dismiss, the memorandum for which is twelve (12) pages exclusive of their Joinder to Bridge's Motion.

13. On August 13, 2008, I submitted to this Court a letter requesting that National be allowed to file one Memorandum of Law in Opposition to all three Motions to Dismiss filed by the Defendants. On August 15, 2008, a clerk for the Honorable Buchwald telephoned me to inform me that this Court had (a) approved National's request to file a single Opposition, and (b) ordered that National's single Opposition be no more than thirty-five (35) pages in length.

3

14. In compliance with this Court's order, National concurrently submits with this Affidavit a single Opposition no more than thirty-five (35) pages in length.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 18, 2008

_____
JONAH A. TOLENO

Sworn to before me this
_____ day of August, 2008.

*see attached document*
_____
NOTARY PUBLIC

4

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

1 ......................................................................................
2 ......................................................................................
3 ......................................................................................
4 ......................................................................................
5 ......................................................................................
6 ......................................................................................

_____           _____
Signature of Document Signer No. 1          Signature of Document Signer No. 2 (if any)

State of California

County of __San Diego__

Subscribed and sworn to (or affirmed) before me on this __18__ day of __August__, 20__08__, by

(1) __Jonah A. Toleno__,
   Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (,)

(and

(2) _____,
   Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature __Karen Henry__
         Signature of Notary Public

[Notary Seal:
KAREN HENRY
Commission # 1774661
Notary Public - California
San Diego County
My Comm. Expires Oct 21, 2011]

Place Notary Seal Above

---------- OPTIONAL ----------

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: _____

Document Date: _____  Number of Pages: _____

Signer(s) Other Than Named Above: _____

RIGHT THUMBPRINT OF SIGNER #1 — Top of thumb here
RIGHT THUMBPRINT OF SIGNER #2 — Top of thumb here

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827

# Exhibit A

## TODD & LEVI, LLP
444 MADISON AVENUE
SUITE 1202
NEW YORK, NEW YORK 10022

JOHN F. TODD
JILL LEVI
DAVID B. ROSENBERG

TELEPHONE (212) 308-7400

FACSIMILE (212) 308-8450
E.MAIL: toddandlevi@toddlevi.com
NOT FOR SERVICE OF LITIGATION PAPERS

May 12, 2008

**VIA TELEFAX**

Honorable Naomi R. Buchwald
United States District Judge
United States Court House
500 Pearl Street
New York, New York 10007

    Re:    National Lighting Company, Inc. v. Bridge Metal Industries, LLC, et al.
           United States District Court, SDNY Case No. 08 CV 03150

Honorable Judge Buchwald,

      We represent defendants Galaxy Switchgear Industries, LLC, Isak Lemberg, Boris Bregman, Picasso Lighting Industries LLC, Independent Lighting, LLC, Green Light Solutions, LLC and Mitchell Bloomberg (collectively, the "Picasso Defendants") in connection with the above referenced matter. We are writing pursuant to Rule 2.A of Your Honor's Individual Practices to request a pre-motion conference in anticipation of the Picasso Defendants filing a motion pursuant to Fed.R.Civ.P. 12(b)(6) (the "Motion") to dismiss the majority of the Claims for Relief in the Complaint. We intend to file the Motion no later than May 23, 2008, the Picasso Defendants' last day to respond to the Complaint.

      Plaintiff National Lighting Company, Inc. ("National") commenced this action seeking damages against the Picasso Defendants for, among other things, alleged violations of the Lanham Act (15 U.S.C. §1125(a)), the Federal Trademark Dilution Act (the "FTDA" codified at 15 U.S.C. 1125(c)) and New York unfair competition laws. The alleged violations include trade dress infringement, trade dress dilution, reverse palming off, false advertising, false designation of origin, and unfair competition. National and defendant Galaxy Switchgear Industries, Inc. ("Galaxy") both manufacture commercial fluorescent lighting fixtures. Defendant Picasso Lighting Industries LLC ("Picasso") is a retail and wholesale seller of commercial fluorescent lighting fixtures. Defendant Greenlight Solutions LLC is a seller representative in the lighting industry. Defendants Isak Lemberg and Boris Bregman are principals of Galaxy. Defendant Mitchell Bloomberg is a principal of Greenlight and Picasso.

      National's unfair competition claims appear to be based upon the allegation that the product-design trade dress of National's entire line of fluorescent lighting fixtures is inherently

## TODD & LEVI, LLP

distinctive and has acquired a secondary meaning in the commercial fluorescent lighting industry, which entitles National's products to protection under the Lanham Act, the FTDA and New York unfair competition laws. However, as briefly explained below, all of the allegations contained in such unfair competition claims fail to state a claim for relief as a matter of law and should be dismissed.

It is well established that "in an action for infringement of unregistered trade dress under §43(a) of the Lanham Act, a product's design is distinctive, and therefore protectible, only upon a showing of secondary meaning." Wal Mart Stores, Inc. v. Samara Brothers, Inc., 120 S.Ct. 1339, 1346, 529 U.S. 205, 216 (2000). Accordingly, "product-design trade dress can never be inherently distinctive." Id. It is equally well established that "a plaintiff seeking to protect its trade dress in a line of products must articulate the design elements that compose the trade dress. ... Thus, the focus of the overall look of a product [or products] does not permit a plaintiff to dispense with *an articulation of the specific elements* which comprise its distinct dress." Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 116-117 (2d Cir. 2001) (emphasis in original) (affirming dismissal of claim alleging trade dress infringement where the plaintiff "never identified the elements that make up its trade dress."). Here, the Complaint utterly fails to specify the specific elements of the product design trade dress which gives the design of National's entire line of fixtures an alleged "secondary meaning." Instead, the Complaint only alleges general categories of design elements which may apply to any fixtures produced by any manufacturer. In sum, it is impossible discern what specific elements of the product-design trade dress of National's fixtures makes them "distinctive" from other fixtures.

In addition, under the Lanham Act, "the person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional." 15 U.S.C §1125(a)(3). "This burden of proof gives force to the well established rule that trade dress protection may not be claimed for product features that are functional." Traffix Devices, Inc. v. Marketing Displays, Inc., 532 U.S. 23, 29, 121 S.Ct. 1255, 1259 (2001). "A product line is functional, and cannot serve as a trademark, if it is essential to the use or purpose of the article or affects the cost or quality of the article." Yurman Design, 262 F.2d at 116, citing Traffix Devices, 532 U.S. at 32. "[R]igorous application of the requirement of functionality is necessary to avoid undermining the carefully circumscribed statutory regimes for the protection of useful and ornamental designs under federal patent and copyright law." Yurman, supra. At bar, not only does the Complaint fail to allege that National's fixtures are non-functional, but Plaintiff concedes in the Complaint that the elements which make up the alleged trade dress of National's fixtures are functional. The product design trade dress alleged by National is therefore not protected under the Lanham Act.

The Complaint also fails to state a claim for "dilution" under the FTDA. "In this Circuit, to sustain a claim under the FTDA, in addition to actual dilution, a plaintiff must show that the senior mark possesses both a significant degree of *inherent* distinctiveness and, to qualify as famous, a high degree of ... *acquired* distinctiveness." Savin Corp. v. The Savin Group, 391 F.3d 439, 449 (2d Cir. 2004). As explained above, product design trade dress can never be inherently distinctive, Wal Mart, supra, thus precluding a finding of trade dress dilution as a matter of law. Accordingly, the allegations in the Complaint fail to state a claim for trade dress dilution under the FTDA.

2

# TODD & LEVI, LLP

Also, in order to state a claim for "reverse palming off" or "false designation of origin of goods" under the Lanham Act, the Complaint must allege, among other things, that "the origin of the product was falsely designated by the defendant." Softel, Inc. v. Dragon Med. & Sci. Communications, 118 F.3d 955, 970 (2d Cir. 1997). However, in "reading the phrase 'origin of goods' in the Lanham Act . . . the phrase refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept or communication embodied in those goods." Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 37, 123 S.Ct. 2041, 2050 (2003). The Complaint fails to allege that any of the Picasso Defendants falsely designated the origin of the tangible products. Rather, the allegations state that the fluorescent light fixtures which Galaxy was allegedly "reverse palming off" were actually manufactured by Galaxy. Accordingly, these claims must be dismissed as well.

In sum, the Supreme Court has been "careful to caution against misuse or overextension of trade dress . . . [noting] that product design invariably serves purposes other than source identification. Trade dress protection must subsist with the recognition that in many instances there is no prohibition against copying goods and products. In general, unless an intellectual property right such as a patent or copyright protects an item, it will be subject to copying." TrafFix, 532 U.S. at 29 (citations omitted). Under this standard, the Complaint fails to state claims under the Lanham Act, the FTDA or New York State unfair competition laws. Accordingly, the Unfair Competition Claims should be dismissed.

Lastly, the majority of the state law claims as well (including claims for breach of contract against parties who did not sign such contract), fail to state legally cognizable claims as well, and we anticipate moving to dismiss such claims.

Based upon the foregoing, we respectfully request that the Court schedule a pre-motion conference at the Court's earliest convenience. We further request that if the Court cannot hear us prior to May 23, 2008 (the date currently scheduled for a response to the Complaint by the Picasso Defendants), that the time for the Picasso Defendants to respond to the Complaint be adjourned until after the pre-motion conference. In addition, in light of the number and complexity of the claims for relief alleged in the Complaint, we also respectfully request that the Court permit the Picasso Defendants to file a memorandum of law in support of the Motion with a maximum limit of thirty five pages.

We thank Your Honor for her time and attention to this matter.

Respectfully submitted,

Jill Levi

cc:    Erwin J. Shustak, Esq. (via telefax)
       Counsel for Plaintiff
       Sean Mack, Esq. (counsel for the other defendants)

3

EXHIBIT B

# PASHMAN STEIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
COURT PLAZA SOUTH
21 MAIN STREET
HACKENSACK, NEW JERSEY 07601-7054

(201)488-8200

FAX
(201)488-5556
www.pashmanstein.com

May 12, 2008

**VIA FACSIMILE**
Honorable Naomi R. Buchwald
United States District Judge
United States Court House
500 Pearl Street
New York, New York 10007

    National Lighting Co., Inc. v. Bridge Metal Ind., et al.
    Civil Action No. 08-03150 (NRB)
    Our File No. 9131-001

Dear Judge Buchwald:

    We represent defendants Bridge Metal Industries, LLC ("BMI"), Joseph Messa, and Blaise Fredella in connection with the above referenced matter. Pursuant to Your Honor's Individual Practices Rule 2.A, I write to request a pre-motion conference in anticipation of filing a motion pursuant to Federal Rule 12(b) on behalf of defendants Bridge, Messa and Fredella. By stipulation, defendants' time to respond to the complaint expires on May 23, 2008. If the Court can schedule the pre-motion conference prior to that time, we would file the motion on May 23. If not, we request that Defendants' time to respond to the complaint be extended until such time as the Court directs at the pre-motion conference.

    Defendant BMI is sixty-year-old company and one of the largest sheet metal, wire, tubing, stamping, and custom lighting fabricators in the Northeastern United States. The complaint asserts that Defendants Messa and Fredella are principals of BMI.

    Plaintiff National Lighting Company, Inc. ("National") initiated this lawsuit seeking damages in excess of $30 million based primarily on its allegations that five companies and five individuals somehow acted in concert to misappropriate Plaintiff's trade secrets concerning its commercial fluorescent lighting fixtures and to violate the alleged trade dress rights

Honorable Naomi R. Buchwald
May 12, 2008
Page 2

in its commercial fluorescent lighting fixtures. Plaintiff seeks relief under various sections of the Lanham Act (15 U.S.C. §1125(a)), the Federal Trademark Dilution Act (the "FTDA", 15 U.S.C. 1125(c)) and New York unfair competition laws.

    Plaintiff's complaint, however, fails to provide Defendants Messa, Fredella and BMI with notice of what each of them are alleged to have done wrong and is otherwise fundamentally flawed. Plaintiff's blunderbuss complaint improperly lumps together five individuals and five companies and, without any differentiation, alleges that they all somehow violated plaintiff's intellectual property rights. Defendants Messa and Fredella are named as individual defendants but the complaint wholly fails to identify what wrongful actions they are alleged to have actively participated in, as is required under New York and federal law to hold principals of a company personally liable. See, e.g., Monsanto Co. v. Haskel Trading, Inc., 13 F. Supp.2d 349, 354 (E.D.N.Y. 1998) (corporate officers, directors and owners are not liable for corporate actions unless they were the "moving, active conscious force" behind the alleged infringement). In addition, in only the most conclusory fashion, Plaintiff asserts that all ten defendants are the alter ego of the others or acted in concert with each other. However, the complaint wholly fails to set forth any required details that could support such conspiracy or piercing the corporate veil theories and permit the complaint to survive a motion to dismiss. See, e.g., DeJesus v. Sears, Roenuck & Co., 87 F.3d 65, 70 (2d Cir. 1996) (dismissing claims where complaint was "devoid of any specific facts or circumstances supporting" plaintiff's claims based on alter ego theory).

    Moreover, most of the claims in the complaint must fail as a matter of law. Defendants BMI, Fredella and Messa join in the arguments set forth in the pre-motion conference letter of counsel for the Picasso Defendants, which summarizes why the unremarkable and largely functional design of plaintiff's commercial lighting cannot be protected under trade dress or anti-dilution laws. Defendants BMI, Fredella and Messa will not repeat those fatal deficiencies here.

    In addition to the reasons set forth in the Picasso Defendants' letter explaining why dismissal is appropriate,

Honorable Naomi R. Buchwald
May 12, 2008
Page 3

Defendants simply note that there also can be no basis for alleged theft of trade secrets relating to the design and assembly of National's commercial fluorescent lighting because the Complaint makes clear that plaintiff's lights are well-known in the industry for being "easy to assemble" – and therefore easy to unassemable and reverse engineer, and the alleged trade secret "design specification sheets" were publicly filed with the complaint as Exhibit D and have been publicly available on plaintiff's website. Such publicly available and discoverable information cannot be a trade secret.

Plaintiff's breach of contract and related unfair competition claims similarly are entirely without merit and should be dismissed. Plaintiff asserts that Defendants Messa, Fredella and BMI signed a confidentiality agreement. The complaint then alleges that another defendant, not a party to that contract, took plaintiff's publicly available design specification sheets and boasted that his company, also not a party to the contract, could make fixtures similar to those described in the publicly available design specification sheets. There is simply nothing legally actionable in defendants Messa, Fredella and BMI having signed a confidentiality agreement and nothing wrong with another defendant taking publicly available information to allegedly try to compete with plaintiff. Plaintiff's improper group pleading and legally deficient alter ego theory cannot salvage its failure to plead that any of the actual parties to the contract breached the contract.

For those, and other reasons, we respectfully request that the Court schedule a pre-motion conference as soon as is convenient for Your Honor.

Respectfully submitted,

SEAN MACK

cc:  Erwin J. Shustak, Esq.,
       Counsel for Plaintiff (via email)
     Jill Levi, Esq.,
       Counsel for the Picassso Defendants (via email)

EXHIBIT C

**MEMO ENDORSED** — see p 2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/18/08

# TODD & LEVI, LLP

444 MADISON AVENUE
SUITE 1202
NEW YORK, NEW YORK 10022

JOHN F. TODD
JILL LEVI
DAVID B. ROSENBERG

TELEPHONE (212) 308-7400

FACSIMILE (212) 308-8450
E MAIL: toddandlevi@toddlevi.com
NOT FOR SERVICE OF LITIGATION PAPERS

June 17, 2008

**VIA TELEFAX**

Honorable Naomi R. Buchwald
United States District Judge
United States Court House
500 Pearl Street
New York, New York 10007

Re: National Lighting Company, Inc. v. Bridge Metal Industries, LLC, et al.
United States District Court, SDNY Case No. 08 CV 03150

Honorable Judge Buchwald,

We represent defendants Galaxy Switchgear Industries, LLC, Isak Lemberg, Boris Bregman, Picasso Lighting Industries LLC, Independent Lighting, LLC, Green Light Solutions, LLC and Mitchell Bloomberg (collectively, the "Picasso Defendants") in connection with the above referenced matter. We are writing this letter on behalf of the Picasso Defendants and on behalf of Sean Mack, as counsel for all other Defendants (the "Bridge Defendants," together with the Picasso Defendants, the "Defendants").

As Your Honor may recall, on May 22, 2008, Your Honor conducted a telephonic conference to address, among other things, the request of the Defendants for a pre-motion conference in anticipation of the Defendants filing a motion pursuant to Fed.R.Civ.P. 12(b)(6) (the "Motion"), to dismiss the majority of the Claims for Relief in the Complaint.

At such time, the Court gave Plaintiff an opportunity to amend the Complaint, prior to the making of the Motion, which amendment might obviate the need to proceed with the Motion. We have now received and reviewed Plaintiff's Amended Complaint and the Defendants still wish to file a motion to dismiss. Accordingly, pursuant to Your Honor's directive, the parties for all counsel have conferred with regard to a briefing schedule for the motions. Subject to the Court's approval, the parties have agreed that Defendants will file their respective motions on or before July 18, 2008, Plaintiff will file

**TODD & LEVI, LLP**

Honorable Naomi R. Buchwald
June 17, 2008
Page 2



its opposition to the Motions on or before August 18, 2008 and Defendants will each file their respective replies to the Motions on or before September 5, 2008.

    In addition, in light of the number and complexity of the claims for relief alleged in the Complaint, Defendants also respectfully request that the Court permit the Defendants to file a memorandum of law in support of their respective motions with a maximum limit of thirty five pages. Plaintiff neither opposes nor supports the request for an increase in the page limitation and leaves it to the Court's discretion.

    We thank Your Honor for her time and attention to this matter.

*[Handwritten margin notes: Schedule Approved mlb / Application Denied / Buchwald, USDJ 6/18/08]*

Respectfully submitted,

*/s/ Jil Levi*

(via telefax)
cc:  Erwin J. Shustak, Esq.
      Jonah Toleno, Esq.
      Counsel for Plaintiff
      Sean Mack, Esq. (counsel for the Bridge Defendants)