UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL LIGHTING COMPANY, INC., a New Jersey Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BRIDGE METAL INDUSTRIES, LLC, a New York Limited Liability Company; JOSEPH MESSA, an individual; GALAXY SWITCHGEAR INDUSTRIES, LLC, a New York Limited Liability Company; BLAISE FREDELLA, an individual; ISAK LEMBERG, an individual; BORIS BREGMAN, an individual; PICASSO LIGHTING INDUSTIRES LLC, a New York Limited Liability Company; INDEPENDENT LIGHTING, LLC, a New York Limited Liability Company; GREEN LIGHT SOLUTIONS, LLC; and MITCHELL BLOOMBERG, an individual,<br><br>Defendant. | Civil Case No. 08-3150 (NRB)<br>ECF CASE |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF BRIDGE METAL INDUSTRIES, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Sean Mack (SM 2016)
PASHMAN STEIN, PC
1375 Broadway
10th Floor
New York, New York 10018
(212) 995-2727

- and -

21 Main Street, Suite 100
Hackensack, New Jersey 07601
(201) 488-8200

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT ........................................................................................................................... 2

I.  Plaintiff's False Designation Of Origin And Reverse Palming Off Claims Are Deficient As A Matter Of Law .................................................................................. 2

II. Plaintiff's False Advertising Claims Are Deficient ................................................. 2

III. Plaintiff's Tortious Interference Claim Is Deficient ............................................... 4

IV. Plaintiff Failed To State A Product Line Trade Dress Claim ............................... 4

V.  Plaintiff Failed To State A Breach Of Contract Claim .......................................... 7

VI. Plaintiff's Unfair Competition Claims Are Deficient ............................................. 8

VII. Plaintiff Lacks Authority To Pursue Only State Law Claims ............................... 9

CONCLUSION ..................................................................................................................... 10

## TABLE OF AUTHORITIES

**CASES:**

777388 Ontario Ltd. v. Lencore Acoustics Corp.,
 105 F.Supp.2d 56 (E.D.N.Y. 2000) ......................................................................... 5

Atrium Group de Ediciones y Publicaciones, S.L. v. Abrams,
 2008 WL 2743517 (S.D.N.Y. July 11, 2008) ......................................................... 2

Heyman v. Winarick, Inc.,
 325 F.2d 584 (2d Cir. 1963) ..................................................................................... 7

Hoeltke v. C.M. Kemp Mfg. Co.,
 80 F.2d 912 (4th Cir. 1935) ...................................................................................... 7

John Hancock Mut. Life Ins., Co. v. Amerford Int'l Corp.,
 848 F. Supp 1107 (S.D.N.Y. 1993) .......................................................................... 8

Knights Armament Co. v. Optical Systs Tech., Inc.,
 2008 WL 2944649 (M.D. Fla. July 15, 2008) ........................................................ 5

Kramer v. Time Warner, Inc.,
 937 F.2d 767 (2d Cir. 1991) ..................................................................................... 9

National Assoc of Pharm. Mfrs v. Ayerst Lab.,
 850 F.2d 904 (2d Cir. 1988) ..................................................................................... 3

Ross v. FSG PrivatAir, Inc.,
 2004 WL 1837366 (S.D.N.Y., 2004) ....................................................................... 7

Thompson v. V.E.W. Ltd,
 2007 WL 1746739 (S.D.N.Y. June 15, 2007) ........................................................ 5

Treat, Inc. v. Dessert Beauty,
 2006 WL 2812770 (D. Or. May 5, 2006) ............................................................... 5

Waldman Publishing Corp. v. Landoll, Inc.,
 43 F.3d 775 (2d Cir. 1994) ....................................................................................... 2

Walker Mfg., Inc. v. Hoffman, Inc.,
 261 F. Supp.2d 1054 (N.D. Iowa 2003) .................................................................. 2

**CITES:**

**NY BCL § 1312**............................................................................................................... 9

## **PRELIMINARY STATEMENT**

In response to defendants' motions to dismiss plaintiff's complaint, plaintiff relies on case law that has been overruled, the wrong principles of law and essentially argues that it is not required to provide any facts to support the conclusory allegations in the Amended Complaint. Specifically, plaintiff tries to resuscitate its legally deficient false designation of origin and reverse palming off claims by relying on case law that is no longer good law in light of recent Supreme Court precedent. Plaintiff then tries to remedy its inability to articulate any term of its *contract* that defendants allegedly breached by relying on the Restatement of *Torts* to request that this Court improperly insert tort principles into the contract it drafted. Plaintiff argues that most of the rest of its claims were adequately plead based on its conclusory allegations, even though plaintiff acknowledges that in support of its false advertising claim, it has not plead any facts indicating any misrepresentation of the quality of a product, nor plead a misleading advertisement. Plaintiff also offers no legitimate basis for excusing its failure to plead any facts to identify what, if any, business relationship has been interfered with in support of its tortious interference with business relations claims.

Challenged by defendant Bridge Metal's motion to dismiss to explain how the Amended Complaint provides notice of what its alleged trade dress is comprised of, plaintiff argues that it has sufficiently pled that it has a protectible product line design trade dress because it identified some non-functional elements it claims have secondary meaning and defendants had access to plaintiff's trade secrets that make its products distinctive. Plaintiff's argument makes no sense and its opposition brief makes clear that plaintiff has wholly failed to give defendants notice of what is distinctive across its entire line of products that entitles it to the very rare Federal "product line" design trade dress protection.

Plaintiff's Amended Complaint should therefore be dismissed.

1

## ARGUMENT

**I.     Plaintiff's False Designation Of Origin And Reverse Palming Off Claims Are Deficient As A Matter Of Law**

In response to defendant's argument in its opening brief that the Supreme Court's 2007 decision in Dastar precludes plaintiff's false designation of origin and reverse palming off claims, plaintiff relies on two cases that predate Dastar, the Second Circuit's decision in Waldman Publishing Corp. v. Landoll, Inc., 43 F.3d 775 (2d Cir. 1994) and Walker Mfg., Inc. v. Hoffman, Inc., 261 F. Supp.2d 1054 (N.D. Iowa 2003), a case that followed and relied heavily on Waldman. (Plaintiff's Brief In Opposition to Motions to Dismiss, "Opp Br." at 12-14.) But as Judge McMahon recently explained while rejecting the same argument made here by plaintiff, the Waldman decision and cases like it, are "no longer good law" in light of the Supreme Court's ruling in Dastar. Atrium Group de Ediciones y Publicaciones, S.L. v. Abrams, 2008 WL 2743517, at *5 (S.D.N.Y. July 11, 2008).

Under Dastar, even if defendants misappropriated plaintiff's know-how and other allegedly confidential information, there can be no false designation of origin or reverse passing off claim because the Amended Complaint alleges that defendants - - not plaintiffs - - are the "producer" or the "origin" of the products in question. Claims 2, 4 and 8 therefore should be dismissed.

**II.    Plaintiff's False Advertising Claims Are Deficient**

Challenged to identify what false advertisements defendants are alleged to have made, plaintiff argues that it merely needs to plead that "the advertisement tends to mislead or confuse customers." (Opp Br. at 15.) Plaintiff argues it has met this burden because it has alleged that defendants are selling "products identical to National's", that defendant Lemberg told National's

2

president that defendants could manufacture fixtures identical to Nationals, and that "National alleges Defendants claim their products are 'just like Nationals'." (Opp Br. at 16.)

But plaintiff nowhere identifies where in the Amended Complaint it has alleged what "advertisement" was made by defendants, never mind an advertisement that "tends to mislead or confuse customers." Even giving plaintiff all benefits of the doubt that Lemberg's statement (Amended Complaint, ¶40) to plaintiff's president while plaintiff's president was in Galaxy's or Bridge Metal's show room, is an advertisement, there is nothing misleading or confusing alleged. As plaintiff's brief makes clear (Opp Br. at 15-16), the Amended Complaint alleges that defendants are selling products identical to National's and claiming that they are selling identical products. There is nothing deceptive or misleading in that and plaintiff's false advertising claim must fail.

Plaintiff also asserts, citing to <u>National Assoc of Pharm. Mfrs v. Ayerst Lab.</u>, 850 F.2d 904, 917 (2d Cir. 1988), that it should be excused from having failed to plead a "misrepresentation of the inherent quality or characteristic of the product" because it can wait until after discovery to do so. (Opp Br. at 16.) But the Second Circuit in <u>Ayerst</u> did not delete that pleading requirement; the complaint in that case specifically alleged a misrepresentation and the court unremarkably concluded that *proving* it was a misrepresentation should await discovery. Plaintiff's claim is deficient for that reason as well.

Plaintiff also failed to refute defendant's argument that it cannot meet the additional "public interest" requirement under New York state false advertising and deceptive trade practices statutes. Plaintiff simply argues that because it has sold its products on a "large-scale" in the New York area, the consumer confusion it has alleged is sufficient. (Opp Br. at 30.) But New York precedent makes clear that such generic consumer confusion is insufficient as a matter

3

of law. (Bridge Metal Indus. Brief In Support Of Motion To Dismiss, "Def. Br.", at 7-8 , citing cases.)

### III. Plaintiff's Tortious Interference Claim Is Deficient

The parties do not dispute the basic pleading requirements to state a claim for tortious interference with prospective business relations. Plaintiff simply argues that it has satisfied its pleading burden by generally alleging its trade secrets were misappropriated, and its customers are being confused by defendants' alleged activity. (Opp Br. at 32.) But plaintiff has failed to plead any business relationship or reasonably certain prospective business relationship with a third party that actually has been interfered with by defendants' alleged conduct. Its tortious interference claim should therefore be dismissed.

### IV. Plaintiff Failed To State A Product Line Trade Dress Claim

In response to defendant's challenge to explain how the Amended Complaint pleads what its trade dress is comprised of, plaintiff wholly failed to do so. Instead, plaintiff argues that (i) it has met its pleading obligation by identifying some elements of the overall look of its product line trade dress[1] (Opp Br. at 6-7); and (ii) it is not required to articulate its trade dress because defendants allegedly had access to plaintiff's trade secrets and know how to make plaintiff's distinctive products. (Opp Br. at 8-9). Neither argument can save its deficient claim.

First, plaintiff's argument that having plead a few allegedly non-functional elements of its trade dress is sufficient to survive a motion to dismiss is without merit. Despite plaintiff's effort to dismiss the well-established law in the Second Circuit concerning its pleading obligations (Opp Br. at 8-10), the law is clear. To survive a motion to dismiss, plaintiff must

---

[1] Defendant pointed out in its opening brief that the Amended Complaint does not make clear whether plaintiff is asserting one trade dress for its entire product line or individual design trade dresses for various products. Plaintiff's design opposition (at Section III.B) indicates it is claiming a product line trade dress, not multiple individual trade dresses.

4

articulate in the complaint what is its protectible property right and specifically for a product line trade dress claim, like plaintiff's, articulate what is the protectible common element across the entire product line. (Def. Br. at 12-13, (citing cases); see also Thompson v. V.E.W. Ltd, 2007 WL 1746739 at *3 (S.D.N.Y. June 15, 2007) (citing Landscape Farms and explaining, on a motion to dismiss, that "a plaintiff must articulate the specific elements which comprise its distinct dress and a precise expression of the character and scope of the claimed trade dress"); accord Knights Armament Co. v. Optical Systs Tech., Inc., 2008 WL 2944649 at *4 (M.D. Fla. July 15, 2008) (granting motion to dismiss trade dress claims because conclusory allegations that the "finish, shape and exterior design" are distinctive and have secondary meaning are a "mere recitation of the elements of the cause of action for trade dress infringement," and do not tell defendants why the trade dress is non-functional or distinctive "nor what actually comprises the trade dress"); Treat, Inc. v. Dessert Beauty, 2006 WL 2812770 at *14-*15 (D. Or. May 5, 2006) (explaining, on a motion to dismiss, "plaintiff must specifically define the list of elements that comprise the trade dress".))

The Ontario case relied on heavily by plaintiff is not to the contrary. (Opp Br. at 7-11.) In that case the plaintiff satisfied its pleading burden by specifically identifying its protectible property rights -- its patents and registered trade marks -- that were alleged to be infringed. See 777388 Ontario Ltd. v. Lencore Acoustics Corp., 105 F.Supp.2d 56, 64 (E.D.N.Y. 2000) (stating that "at this stage, plaintiffs have sufficiently pleaded the key elements: namely, that they held ***property interests protected by registered patents and trademarks*** in a line of products with a distinctive identity at least in the minds of their customers; and that defendants acted to promote confusion among these customers in part by infringing on the design and appearance of those products.")

That is all defendants have asked for, and that is what the law requires – that plaintiff plead what its protectible property rights are comprised of. Instead, plaintiff conclusorily asserts that its products are distinctive and have secondary meaning and attach to the Amended Complaint pictures of at least 11 different "series" of fluorescent lights that it manufactures and alleges defendants are "knocking off." Those different series of lights are variously described in plaintiff's materials as "recessed", "semi-recessed", "direct pendent mounted", and "indirect pendent mounted" (Amended Complaint, Ex D). But nothing in the Amended Complaint informs defendants, or this Court, and nothing appears from the pictures appended to the Amended Complaint, what is uniform across the overall look of all of those series of products that identifies each of those products as being manufactured by National. Plaintiff's failure to articulate in the Amended Complaint the uniform element(s) of its product line design trade dress warrants dismissal of its product line trade dress claim.

Second, plaintiff's effort to salvage its deficient trade dress claim by relying on its alleged trade secrets also is without merit. Plaintiff argues that it has validly plead a claim for product line trade dress infringement because "it owns protectible, proprietary trade secrets used to create products with secondary meaning." (Opp Br. at 7.) Plaintiff argues that it passed on to defendants "trade secrets" including "photometric formulas; assembly instructions; manufacturing techniques and taught Defendants how to manufacture fluorescent lighting fixtures . . ." (Opp Br. at 8) and therefore Defendants have knowledge of plaintiff's "distinctive trade dress."

But even accepting that as true, which defendants deny, that does nothing to identify what is the uniform overall look of its product line that warrants granting plaintiff Federal protection for the overall design of its product line. Plaintiff was required to plead the uniform

6

characteristic of its product line trade dress, and regardless of what defendants know about plaintiff's manufacturing techniques and assembly instructions, plaintiff failed to plead any facts to meet that requirement.

## V.    Plaintiff Failed To State A Breach Of Contract Claim

In response to defendant's argument that plaintiff failed to articulate what provision of the confidentiality agreement was allegedly breached by defendants having allegedly used (but not disclosed) plaintiff's trade secrets, plaintiff could not identify any term of the contract. Apparently recognizing the deficiency of its contract law claim, plaintiff relies entirely on the Restatement of Torts and case law applying the Restatement of Torts.[2] (Opp Br. at 21-25.) But the Restatement of Torts can do nothing to salvage a claim for breach of a written contract.

As explained in the opening brief, plaintiff's poorly drafted confidentiality agreement did not contain any normal restrictions on defendant's use of any confidential information, except that they could not "disclose" the trade secrets. Plaintiff's contract fails to include normal restrictions on the uses that defendants could make of the trade secrets. Plaintiff's failure to include such standard terms, and concomitant inability to identify any term of the contract that has been breached by defendant's alleged use of the trade secrets in manufacturing products, is fatal to its breach of contract claim. See, e.g., Ross v. FSG PrivatAir, Inc., 2004 WL 1837366 (S.D.N.Y., 2004) (explaining that plaintiff is required to articulate the terms of a contract that are alleged to have been breached, and it is insufficient simply to assume that the described conduct constitutes a breach of contract).

---

[2] The case law cited by plaintiff also has nothing to do with contract interpretation and instead relies on principals of equity and tort law. Heyman v. Winarick, Inc., 325 F.2d 584, 587 (2d Cir. 1963) (the court analyzed a claim of unfair competition where there was no written contract); Hoeltke v. C.M. Kemp Mfg. Co., 80 F.2d 912, 923 (4th Cir. 1935) (the court relied on an unjust enrichment theory to hold defendant liable, not a contract).

This Court should not accept plaintiff's apparent invitation to imply terms from the Restatement of Torts into the contract it drafted. Contract interpretation law is well settled, this Court should enforce the contract as plaintiff drafted it and not insert terms that do not appear in the contract. See, e.g., John Hancock Mut. Life Ins., Co. v. Amerford Int'l Corp., 848 F. Supp 1107, 1111 (S.D.N.Y. 1993) (explaining that courts "enforce rather than rewrite contracts and they may not by construction add or excise terms nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing") (internal citations omitted).

Plaintiff has therefore failed to articulate a valid breach of contract claim.

## VI. Plaintiff's Unfair Competition Claims Are Deficient

Plaintiff essentially acknowledges that its state law unfair competition claim rises and falls with its more specific claims of reverse palming off, misappropriation, and false advertising and labeling. (Opp Br. at 18.) For the reasons those more specific claims all fail as a matter of law, so too should plaintiff's state unfair competition claim.

Similarly, plaintiff argues that it has adequately plead a claim for federal unfair competition because it has sufficiently plead "(1) an association of origin by the consumer between the *mark* and the first user, and (2) a likelihood of consumer confusion when the *mark* is applied to the second user's good." (Opp Br. at 17 (emphasis added.)) But the *mark* in this case is plaintiff's alleged product line design trade dress. For the same reason it has failed to adequately plead that it has a federally protectible product line design trade dress claim, there is no *mark* that can be associated with plaintiff nor confused. Thus, plaintiff's federal unfair competition claim fails as well.

## VII. Plaintiff Lacks Authority To Pursue Only State Law Claims

In response to defendant's argument that plaintiff is not authorized to do business in New York, but has nevertheless been doing substantial business in New York for years, and therefore lacks authority under NY BCL §1312 to pursue only state law claims, plaintiff essentially argues that discovery is needed to resolve that issue. Notably, plaintiff did not dispute the public records cited by defendants indicating that plaintiff is not registered to do business in New York.[3] Defendant submits that the allegations in the Amended Complaint make clear that plaintiff lacks authority to pursue only state law claims under Section 1312. But to the extent this Court believes discovery is needed on this issue, defendant requests that the Court order expedited, limited discovery relating solely to plaintiff's doing business in New York so that this issue can be quickly resolved on summary judgment motions. Defendants should not be subjected to full-scale discovery in a case alleging $30 million in damages, when it appears from the pleadings that plaintiff lacks authority to pursue any remaining state law claims in the first place.

---

[3] Plaintiff's "procedural" objections to defendant's motion are without merit: this Court can take judicial notice of the state department records attached to the Mack Affidavit without converting the motion regarding NY BCL §1312 to one under Rule 56, Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991), which is the only purpose for which the affidavit was submitted. Also, plaintiff's assertion that the motion should be dismissed because did not provide the Court with a 2-page letter summarizing its arguments is misplaced. Defendant provided the Court's requested 2-page summary of its motion in its preliminary statement, and to the extent the Court requires a separate document, Defendant is submitting herewith its preliminary statement separately in letter format.

## CONCLUSION

For the foregoing reasons and the reasons set forth in defendant's opening brief, plaintiff's Amended Complaint should be dismissed.

PASHMAN STEIN, P.C.

Dated: September 5, 2008

**SEAN MACK, ESQ. (SM 2016)**
1375 Broadway, 10th Floor
New York, New York 10018
(212) 995-2727

- and -

Court Plaza South
21 Main Street, Suite 100
Hackensack, New Jersey 07601
(201) 488-8200

Attorneys for Defendants,
  **BRIDGE METAL INDUSTRIES, LLC,**
  **JOSEPH MESSA and BLAISE**
  **FREDELLA**

**SEAN MACK, ESQ. (SM 2016)**
**PASHMAN STEIN**
A Professional Corporation
1375 Broadway
10th Floor
New York, New York 10018
(212) 995-2727

- and -

Court Plaza South
21 Main Street, Suite 100
Hackensack, New Jersey 07601
(201) 488-8200

Attorneys for Defendants,
 **BRIDGE METAL INDUSTRIES, LLC and**
 **JOSEPH MESSA and BLAISE FREDELLA**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL LIGHTING COMPANY, INC., a New Jersey Corporation, ) ) ) Plaintiff, ) ) vs. ) ) BRIDGE METAL INDUSTRIES, LLC, a New ) York Limited Liability Company; JOSEPH ) MESSA, an individual; GALAXY SWITCHGEAR ) INDUSTRIES, LLC, a New York Limited Liability ) Company; BLAISE FREDELLA, an individual; ) ISAK LEMBERG, an individual; BORIS ) BREGMAN, an individual; PICASSO LIGHTING ) INDUSTIRES LLC, a New York Limited Liability ) Company; INDEPENDENT LIGHTING, LLC, a ) New York Limited Liability Company; GREEN ) LIGHT SOLUTIONS, LLC; and MITCHELL ) BLOOMBERG, an individual, ) ) Defendant. ) | Civil Case No. 08-3150(NRB)<br><br><br><br><br><br><br><br><br><br><br><br><br>**CERTIFICATE OF SERVICE** |

2

I, Sean Mack, a member of the law firm of Pashman Stein, P.C., counsel for Defendant Bridge Metal Industries, LLC, hereby certify that the foregoing Reply Memorandum of Law in Support of Bridge Metal Industries, LLC's Motion Pursuant to Fed. R. Civ. P.12(B)(6) to Dismiss Plaintiff's Amended Complaint, was served through the ECF filings system on September 5, 2008 on:

Erwin J. Shustak, Esq.
Shustak Frost & Partners, P.C.
400 Park Avenue, 14th Floor
New York, NY 10022
Counsel for Plaintiff

Jill Levi, Esq.
Todd & Levi, LLP
444 Madison Avenue, Suite 1202
New York, New York 10022

Counsel for Galaxy Switchgear Industries, LLC, Isak Lemberg, Boris Bregman, Picasso Lighting Industries LLC, Independent Lighting LLC, Green Light Solutions, LLC, and Mitchell Bloomberg


Dated: September 5, 2008                    /s/ Sean Mack
                                            SEAN MACK