UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL LIGHTING COMPANY, INC., a New Jersey Corporation,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>BRIDGE METAL INDUSTRIES, LLC, a New York Limited Liability Company; JOSEPH MESSA, an individual; GALAXY SWITCHGEAR INDUSTRIES, LLC, a New York Limited Liability Company; BLAISE FREDELLA, an individual; ISAK LEMBERG, an individual; BORIS BREGMAN, an individual; PICASSO LIGHTING INDUSTIRES LLC, a New York Limited Liability Company; INDEPENDENT LIGHTING, LLC, a New York Limited Liability Company; GREEN LIGHT SOLUTIONS, LLC; and MITCHELL BLOOMBERG, an individual,<br><br>　　　　　　　　Defendant. | Civil Case No. 08-3150(NRB)<br>ECF CASE |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF JOSEPH MESSA'S AND BLAISE FREDELLA'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Sean Mack (SM 2016)
PASHMAN STEIN, PC
1375 Broadway
10th Floor
New York, New York 10018
(212) 995-2727

- and -

21 Main Street, Suite 100
Hackensack, New Jersey 07601
(201) 488-8200

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................. ii

**ARGUMENT** ........................................................................................................................... 1

I.  **Plaintiff Failed To State A Claim For The Individual Liability Of Defendants Messa Or Fredella** ......................................................................................................... 6

   A. There Are No Facts That Could Support Finding That Defendants Were The Active, Conscious Moving Force Behind Any Wrongdoing ................ 1

   B. Plaintiff Has Failed To Plead Its Alternative Theories Of Liability .......... 3

**CONCLUSION** ...................................................................................................................... 5

# TABLE OF AUTHORITIES

**CASES:**

**Bell Atl. Corp. v. Twombly,**
    127 S. Ct. 1955 (2007) ............................................................................................. 2

**DeJesus v. Sears, Roebuck & Co., Inc.,**
    87 F.3d 65 (2d Cir. 1996) ......................................................................................... 2

**Goldstein v. Siegel,**
    244 N.Y.S.2d 378 (App. Div. 1963) ........................................................................ 4

**JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs.,**
    295 F.Supp.2d 366 (S.D.N.Y. 2003) ........................................................................ 4

**Keviczky v. Lorbor,**
    290 N.Y. 297 (NY 1943) .......................................................................................... 4

**Markman v. Westview Instruments, Inc.**
    52 F.3d 967 (Fed Cir 1995) ...................................................................................... 2

**Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.,**
    203 F.3d 790 (Fed Cir 2000) .................................................................................... 1

**Rays Trading Co. v. Judy-Philippine, Inc.,**
    1998 WL 355422 (S.D.N.Y. July 2, 1998) ............................................................... 3

## ARGUMENT

### I. Plaintiff Failed To State A Claim For The Individual Liability Of Defendants Messa Or Fredella

Defendants Messa's and Fredella's motion to dismiss challenged plaintiff to identify the facts in the Amended Complaint upon which defendants' individual liability could be sustained. Plaintiff has wholly failed to do so, because it cannot. As explained in defendants' opening brief, aside from alleging that Messa and Fredella were officers, directors or employees of defendants and signed the confidentiality agreement on behalf of Bridge Metal, there are no well-pled facts against them in the Amended Complaint. Plaintiff's entire claim against them rests solely on bare conclusory allegations that are deficient as a matter of law.

#### A. There Are No Facts That Could Support Finding That Defendants Were The Active, Conscious Moving Force Behind Any Wrongdoing

Plaintiff does not dispute that its claims against defendants Messa and Fredella, individually, must fail as a matter of law if it has failed to plead that each of them was "a moving, active conscious force behind [the defendant corporation's] infringement." (Plaintiff's Brief In Opposition To Motions To Dismiss, "Opp Br.", at 26). Plaintiff argues that it has done so because one Federal Circuit decision it found, Phonometrics, stands for the rule that it does not need to articulate in detail facts to support each of its claims. But plaintiff's interpretation of Phonometrics is wrong, inconsistent with Supreme Court precedent, and plaintiff has failed to meets its pleading burden.

Contrary to plaintiff's argument (Opp Br. at 4, 6, 27), the Federal Circuit in Phonometrics, Inc. v. Hospitality Franchise Systems, Inc., 203 F.3d 790 (Fed Cir 2000) did not excuse a plaintiff's obligation to set forth well-pleaded facts to support each of its causes of action and the alleged liability of each defendant. In Phonometrics, the Federal Circuit reached the unremarkable conclusion that for a plaintiff in a patent case it is sufficient to identify the patent, allege the means by which defendants are infringing the patent, and that a plaintiff does

1

not need to plead in detail facts to support the infringement of each of the many claims (or terms) that are contained in an individual patent. (203 F.3d at 794.) That decision is particularly unremarkable since the construction of the claims (or terms) of a patent are typically determined only after briefing and a hearing, called the Markman hearing, that are peculiar to patent litigation. Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed Cir 1995).

Instead, the Supreme Court has made clear that to survive a motion to dismiss, a plaintiff cannot rely on "labels and conclusions, and a formulaic recitation of the elements of a cause of action" and must, at a minimum, sufficiently plead the facts underlying the claim "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). The Second Circuit similarly has made clear that "conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." DeJesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996) (affirming dismissal of claim based on piercing the corporate veil where complaint was devoid of specific facts to support conclusory allegations).

Defendants Messa and Fredella challenged plaintiff to identify how it had met that standard in the Amended Complaint to sustain the claims against them individually, but plaintiff failed to do so. In support of its argument that it adequately pled facts alleging that defendants were the active, moving conscious force behind the wrongdoing, plaintiff relies on the following five allegations aimed at defendants Messa and Fredella: (1) Messa is the president of Galaxy; (2) Messa and Fredella were officers, directors and employees of Bridge Metal and Galaxy; (3) "they were at all relevant times a controlling person, agent, and/or alter ego of each other defendant"; (4) that Messa and Fredella conducted themselves as decision-makers at meetings prior to execution of the Confidentiality Agreement; and (5) Messa and Fredella signed the Confidentiality Agreement. (Opp Br. at 26-27.)

But even if Messa and Fredella were officers, directors, employees and/or the President of the defendant corporations, those facts cannot sustain a finding that they were the "active, conscious moving force" behind the alleged wrongdoing. Similarly, even if Fredella and Messa acted as decision-makers at certain meetings and then signed the confidentiality agreement on behalf of Bridge Metal, nothing is alleged to have been wrong in their conduct at those meetings or in signing the agreement. Plaintiff's allegation that Messa and Fredella were "a controlling person, agent, and/or alter ego of each other defendant" is a prime example of a "label and conclusion" that is insufficient to support a claim. Thus, none of the five facts or conclusions relied on by plaintiff could support a right to relief against defendants individually above the "speculative level." Plaintiff has therefore failed to state a claim for the individual liability of defendants Messa and Fredella.

Plaintiff's reliance on other paragraphs in the Amended Complaint that lump together all defendants, (Opp Br. at 27), and no where indicate that Messa and Fredella were the active, moving conscious force behind the alleged activity, is insufficient to salvage its claims. Such group pleadings, without pleading any facts to support finding that individual officers were actively involved in the wrongdoing, are deficient as a matter of law. Rays Trading Co. v. Judy-Philippine, Inc., 1998 WL 355422, at *4 (S.D.N.Y. July 2, 1998) (explaining that conclusory allegations "in terms of the actions of the 'defendants' instead of articulating any individual acts by the defendant officer and shareholder" are insufficient to withstand a motion to dismiss.)

**B.    Plaintiff Has Failed To Plead Its Alternative Theories Of Liability**

Plaintiff argues that it has alleged sufficient facts to sustain its alter ego theory because it alleged Messa and Fredella "were alter egos of Bridge and Galaxy"; they "controlled the conduct of Bridge"; they "conspired to and caused" Bridge to breach the confidentiality agreement and their conduct caused injury to plaintiff. (Opp Br. at 29.) But those are precisely the type of "unadorned" conclusory allegations of domination and control that courts routinely reject on

3

motions to dismiss. (Defendants Messa's and Fredella's Brief In Support Of Motion To Dismiss, "Defs. Br.", at 8-9, citing cases.)

In addition, plaintiff does not even attempt to argue, because it cannot, that it pled any facts that could support finding that such alleged domination and control was used to perpetrate a fraud or other injustice. Plaintiff has therefore failed to plead the second element of an alter ego theory and its claim is deficient for that reason as well. JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., 295 F.Supp.2d 366, 379 (S.D.N.Y. 2003).

Finally, plaintiff argues that it has sufficiently pled a conspiracy theory based on paragraphs 7, 8, 15, 16, 17, 38 and 41 of the Amended Complaint. (Opp Br. at 30). But as even the cases cited by plaintiff make clear, the assertion of mere "conclusory statements" "without alleging supporting ultimate facts" is insufficient even under liberal pleading rules. Goldstein v Siegel, 244 N.Y.S.2d 378, 380 (App. Div. 1963).[1]

Defendants demonstrated in their opening brief that paragraphs 17, 38 and 41 contain nothing but unadorned, conclusory allegations of conspiracy and alter ego. (Defs. Br. at 11-12) Paragraphs 7 and 8 allege simply that Messa and Fredella are officers, directors, or employees of Bridge and Galaxy; but those allegations do nothing to set forth a conspiracy claim. Paragraph 15 states that "evidence which will be gathered during discovery and presented at trial . . ." will show the conspiracy and alter ego allegations. Paragraph 15 not only is a conclusory allegation, but is nothing more than a statement that plaintiff intends to go on a fishing expedition to try to find facts to support its claims of $30 million in damages against Messa and Fredella. Paragraph 16 simply states that maintaining the corporate existence of each defendant will "sanction a fraud or promote a miscarriage of justice" without any specification of the fraud or the alleged

---

[1] Plaintiff also cites to Keviczky v Lorbor, 290 N.Y. 297, 302 (NY 1943), for the simple proposition that particular acts of individual defendants can be cobbled together to infer a conspiracy (Opp Br. at 30), but in this case plaintiff nowhere alleges any particular acts of Messa or Fredella that could be cobbled together to infer a conspiracy.

miscarriage of justice. Certainly such conclusory assertions, without any factual support, are deficient as a matter of law to sustain a conspiracy theory.

## CONCLUSION[2]

For the foregoing reasons and the reasons set forth in defendants' opening brief, plaintiff's Amended Complaint should be dismissed.

Dated: September 5, 2008

PASHMAN STEIN, P.C.

SEAN MACK, ESQ. (SM 2016)
1375 Broadway, 10th Floor
New York, New York 10018
(212) 995-2727

- and -

Court Plaza South
21 Main Street, Suite 100
Hackensack, New Jersey 07601
(201) 488-8200

Attorneys for Defendants,
  BRIDGE METAL INDUSTRIES, LLC,
  JOSEPH MESSA and BLAISE
  FREDELLA

---

[2] Plaintiff's assertion that defendants Messa and Fredella violated the 25-page limit for memorandum of law set forth in this Court's individual practice rules by joining in defendant Bridge Metal's arguments is plain silly. It is the obligation of each defendant to answer or more under Rule 12(b) in response to a complaint, and therefore each of Mr. Fredella and Mr. Messa could have filed (largely duplicate) 25-page briefs. Instead, for the convenience of all parties and the Court, they submitted a joint 12-page brief. And rather than copy the 13-page argument in the Bridge Metal brief and force the Court and plaintiff to read exactly the same arguments in multiple briefs, they simply joined in those arguments. There is simply no good reason defendants Messa and Fredella should have burdened the Court with an entirely duplicative 13-pages of legal argument instead of a one-sentence joinder.

**SEAN MACK, ESQ. (SM 2016)**
**PASHMAN STEIN**
A Professional Corporation
1375 Broadway
10th Floor
New York, New York 10018
(212) 995-2727

- and -

Court Plaza South
21 Main Street, Suite 100
Hackensack, New Jersey  07601
(201) 488-8200

Attorneys for Defendants,
  **BRIDGE METAL INDUSTRIES, LLC and**
  **JOSEPH MESSA and BLAISE FREDELLA**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL LIGHTING COMPANY, INC., a New Jersey Corporation, ) ) ) Plaintiff, ) ) vs. ) ) BRIDGE METAL INDUSTRIES, LLC, a New York Limited Liability Company; JOSEPH MESSA, an individual; GALAXY SWITCHGEAR INDUSTRIES, LLC, a New York Limited Liability Company; BLAISE FREDELLA, an individual; ISAK LEMBERG, an individual; BORIS BREGMAN, an individual; PICASSO LIGHTING INDUSTIRES LLC, a New York Limited Liability Company; INDEPENDENT LIGHTING, LLC, a New York Limited Liability Company; GREEN LIGHT SOLUTIONS, LLC; and MITCHELL BLOOMBERG, an individual, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Defendant. ) ) | Civil Case No. 08-3150(NRB)  **CERTIFICATE OF SERVICE** |

2

  I, Sean Mack, a member of the law firm of Pashman Stein, P.C., counsel for Defendants Blaise Fredella and Joseph Messa, hereby certify that the foregoing Reply Memorandum of Law in Support of Blaise Fredella's and Joseph Messa's Motion Pursuant to Fed. R. Civ. P.12(B)(6) to Dismiss Plaintiff's Amended Complaint, was served through the ECF filings system on September 5, 2008 on:

Erwin J. Shustak, Esq.
Shustak Frost & Partners, P.C.
400 Park Avenue, 14th Floor
New York, NY 10022
Counsel for Plaintiff

Jill Levi, Esq.
Todd & Levi, LLP
444 Madison Avenue, Suite 1202
New York, New York 10022

Counsel for Galaxy Switchgear Industries, LLC, Isak Lemberg, Boris Bregman, Picasso Lighting Industries LLC, Independent Lighting LLC, Green Light Solutions, LLC, and Mitchell Bloomberg


Dated: September 5, 2008        /s/ Sean Mack
                 SEAN MACK